# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ISAAC THIBODEAUX** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-12318** |
| **CHEVRON U.S.A., INC., ET AL.** | **SECTION "B"(4)** |

## ORDER AND REASONS

Defendant Jade Marine, Inc. re-urged its motion for summary judgment of Plaintiff's claims. Rec. Doc. 64. Plaintiff does not oppose Jade Marine's motion. Rec. Doc. 65.

For the reasons discussed below,

**IT IS ORDERED** that Defendant Jade Marine's motion (Rec. Doc. 64) is **GRANTED** and Plaintiff's claim against Defendant Jade Marine is **DISMISSED WITH PREJUDICE**.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[1]

Plaintiff Isaac Thibodeaux was inspecting an oil platform in the Gulf of Mexico on April 28, 2016. Rec Docs. 51-3 ¶¶ 1, 7; 54-3 ¶¶ 1, 7. Plaintiff had been dropped off at the platform by the M/V Revelation, a boat owned and operated by Jade Marine. Rec. Docs. 1 ¶ VI; 15 ¶ 1. Plaintiff was alone; no one else was working on the platform. Rec. Doc. 15 ¶ 1. While Plaintiff was working,

---

[1] The factual background and procedural history of this case were set out extensively in a previous Order and Reasons. *See* Rec. Doc. 63. The following discussion relates the facts relevant to the instant motion.

1

the Revelation sailed to another part of the oil field. Rec. Docs. 51-3 ¶ 9; 60-1 ¶¶ 11, 13; 61-1 ¶¶ 11, 13.

When Plaintiff finished his work, he radioed the M/V Mr. Clint to pick him up. Rec. Docs. 51-3 ¶ 14; 54-3 ¶ 14. Plaintiff fell into the water while trying to board the Mr. Clint and the crew on the Mr. Clint was unable to retrieve Plaintiff. Rec. Docs. 51-3 ¶¶ 15-16; 54-3 ¶¶ 15-16. The Mr. Clint radioed for the Revelation, which returned to the platform and safely retrieved Plaintiff from the water. Rec. Docs. 51-3 ¶ 18; 54-3 ¶ 18.

Plaintiff brought a negligence claim against Jade Marine and argued that Jade Marine was negligent when it left Plaintiff on the oil platform alone. Rec. Docs. 1 at 3; 15; 29 at 2-3. Jade Marine moved for summary judgment. Rec. Doc. 51. Jade Marine's motion was denied without prejudice, to be re-urged upon completion of additional discovery. Rec. Doc. 63. After deposing the Captain of the MV Revelation, Jade Marine re-urged its motion for summary judgment. Rec. Doc. 64. Plaintiff does not oppose Jade Marine's motion. Rec. Doc. 65.

**LAW AND ANALYSIS**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled

to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). A genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

When the movant bears the burden of proof, she must "demonstrate the absence of a genuine issue of material fact using "competent summary judgment evidence." *Celotex*, 477 U.S. at 323. But "where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). When the movant meets her burden, the burden shifts to the non-movant, who must show by "competent summary judgment evidence" that there is a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Lindsey*, 16 F.3d at 618.

"Negligence is an actionable wrong under general maritime law." *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 211 (5th Cir. 2010). To succeed on a negligence claim, a "plaintiff must demonstrate that there was a duty owed by the defendant to the plaintiff, breach of that duty, injury sustained by the plaintiff, and a causal connection between the defendant's conduct and the plaintiff's injury." *Id.* The instant motion turns on the question of whether Jade Marine owed Plaintiff a duty to stay near

3

the oil platform while Plaintiff worked alone. *See* Rec. Docs. 51-2 at 6-8; 54 at 3-9; 64-2 at 1.

"The determination of the existence and scope of a duty involves a number of factors, including most notably the foreseeability of the harm suffered by the complaining party." *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d at 211. A harm is "a foreseeable consequence . . . if . . . [it] might have been anticipated by a reasonably thoughtful person . . . as a *probable* result of the act or omission . . . ." *Id.* (emphasis added). Plaintiff has offered no evidence that falling into the water while attempting to board the Mr. Clint was a probable result of the Revelation sailing to another part of the oil field while Plaintiff worked alone on the platform. *See* Rec. Docs. 54; 61. Plaintiff has therefore failed to meet his burden to raise a genuine issue of material fact with respect to each element of his negligence claim. *See Matsushita*, 475 U.S. at 586-88; *Lindsey*, 16 F.3d at 618-19; *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d at 211.

In fact, the evidence suggests that Plaintiff's fall was not anticipated as a probable result of the Revelation leaving the platform while Plaintiff worked. A set of guidelines that governed solitary work on oil platforms required "transportation [to] be available within the immediate area not to exceed 1 hour[,]" taking into account "weather conditions." Rec. Doc. 60-3 at 2. Any duty created by this policy would not encompass the Revelation's actions

4

in the instant case because the Revelation was less than an hour from the Plaintiff when he fell. *See* Rec. Docs. 60-1 ¶ 29; 61-1 ¶ 29. Not to mention that the policy says nothing about which boat must be available. *See* Rec. Doc. 60-3 at 2. Here, the Mr. Clint was within sight of the platform when Plaintiff finished working. *See* Rec. Docs. 60-1 ¶¶ 17-18; 61-1 ¶¶ 17-18.

New Orleans, Louisiana, this 2nd day of November, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE